## MARY B. SHAW vs. CITY OF CHARLESTOWN.

The owner of land over which a street has been laid out by the city council of a city under authority conferred upon them by the city charter may maintain an action to recover the damages awarded therefor, although the defendants have not entered upon or taken possession of the land for the purpose of constructing the street.

CONTRACT to recover the sum of $1015.81, awarded to the plaintiff by the city council of Charlestown for land taken by them for the extension of Decatur Street, under the authority conferred upon them by the city charter, St. 1847, c. 29, § 12. Upon facts agreed in this court, the only question was, whether the defendants were liable for the sum so awarded, after the plaintiff had made known to them her acceptance of the award and demanded payment thereof, but before the defendants had formally entered upon and taken possession of the land for the purpose of constructing the street.

G. W. Warren, for the plaintiff.

H. G. Hutchins, for the defendants.

METCALF, J. By the law which was in force before Sts. 1842, c. 86, and 1847, c. 259, were passed, the plaintiff would have been entitled to recover the damages for which she has brought this action. That law is thus stated by Chief Justice Shaw, in Hallock v. County of Franklin, 2 Met. 559, 560 : " By the judgment establishing and locating the highway, before any act done towards fitting it for use, the rights of the parties are fixed and vested, and the public acquire a right to the public easement; and the right of the owner of the land, over which it passes, to his compensation, is complete. The way becomes a highway, from the adjudication, and the right of the public becomes complete." " The right to receive damages does not depend upon the fact of the road having been opened or worked, or laid under contract, but on the fact that damage has been sustained." In Harrington v. County Commissioners, 22 Pick. 268, the same judge had previously said : " The right to the compensation is complete, when the right of the public is complete." And in those cases it was decided that the owner of land over which a road had been duly laid out and established

was entitled to his damages, although the road was legally dis-
continued before it was opened or worked, or any contract was
made to construct it for use.

After these decisions, it was provided by *St.* 1842, *c.* 86, § 1,
that when county commissioners should estimate damages sus-
tained by any person in his property by the laying out or alter-
ing of a "highway," they should not order the damages to be
paid — and that the person claiming damages should not have
a right to demand the same — until the land should have been
entered upon and possession taken for the purpose of construct-
ing said highway. This statute was held, in *Harding* v. *Med-
way,* 10 Met. 465, to apply to a "town way" laid out by county
commissioners. But it was held, in *Bishop* v. *Medway,* 12 Met.
125, not to apply to a town way laid out by selectmen. Mr.
Justice Hubbard there said : " On examination of the statute,
we think the language is so precise in limiting its provisions to
acts done or directed by the county commissioners, that we are
not warranted, by any just rules of construction, to apply it
to the acts of selectmen in the laying out or altering of town or
private ways, or in the assessment of damage for the same."

Shortly after this last decision, the abovementioned provisions
of *St.* 1842 were extended, by *St.* 1847, *c.* 259, § 4, to " town
ways and private ways " thereafter " to be laid out or altered
by selectmen of towns." The language of this statute is pre-
cisely limited to acts of selectmen of towns, and we cannot
extend it, by construction, to the acts of city officers. Nor have
the General Statutes, which were passed since this cause of
action arose, made any further provisions on this subject than
are contained in *Sts.* 1842 and 1847. Gen. Sts. *c.* 43, §§ 14, 62, 63.

The street over the plaintiff's land was laid out, and
her damages estimated, by the city authorities of Charlestown,
under the exclusive power conferred on them by § 12 of their
charter — *St.* 1847, *c.* 29. She was not dissatisfied with their
award of damages, but accepted it, gave notice of her accep-
tance, and demanded payment. As her rights are not affected
by the statutes on which the defendants attempt to justify their
refusal to make payment, she is to have judgment.

*Judgment for the plaintiff.*